ELIZABETH C. HAMMEL v. WILLIAM ROBERT GOULD.

1. **Devise During Widowhood and Additional Term of Minority of Youngest Child.**

A devise to a widow to "have and hold * * * so long as she continue my widow, and until my youngest child shall be of age," gives her the estate during the term of her widowhood and an additional term, if she marries during the minority of such youngest child.

Etter, In re.

## 2. Conflict between Disposition Clause and Succeeding Item of Will.

Under a will devising in one item an estate to the widow to "have and hold * * * so long as she continue my widow, and until my youngest child shall be of age" and in another item providing for distribution according to law in intestacy "when the youngest child arrives at full age, or in case my wife * * * should again marry," the first item is the dispositive clause and the second item, though conflicting, should be reconciled therewith by reading "and" for "or" thereby postponing partition rights in the estate.

*S. B. Hammel,* for plaintiff.

*F. H. Reppert* and *J. J. Acomb,* for defendant.

## JONES, E. H., J.

Plaintiff filed her petition for partition of the property described therein. Her right to partition depends upon a construction of the will of Richard Gould, deceased. Richard Gould died in the year 1879 leaving a widow and six children, several of whom were minors. At the time of his death he was seized in fee of the property of which partition is sought. The widow still lives and has never remarried. Five of the children are living and are of full age.

Items I and II of the will to be construed are as follows:

"I. I hereby give, and bequeath to my beloved wife, Martha Gould, all the property, both real and personal, of which I die possessed, she to pay all just debts that I owe, and have and hold the property hereby bequeathed, so long as she continue my widow, and until my youngest child shall be of age.

"II. When the youngest child arrives at full age, or in case my wife Martha should again marry, it is my will that my real estate and whatsoever personal property may be remaining be divided between my wife and children, according to the law for the distribution of estates where no wills have been made."

These two items of the will are conflicting. Item I gives to the widow Martha Gould the right to "have and hold the property hereby bequeathed, so long as she continues my widow, and until the youngest child shall be of age." This item standing alone is clear and gives to the widow a life estate in the property provided she does not remarry.

The verbs "have" and "hold" as used in this clause are

modified by the two adverbial clauses "so long as she continues my widow" and "until my youngest child shall be of age." These clauses are joined in the will by the conjunction "and." There is nothing in the language to indicate that they are intended as conditions upon which she can hold the property as claimed by plaintiffs. They are not conditions but adverbs, and state how long she shall hold the property. The testator first says she shall hold it so long as she continues his "widow." This clause followed by the conjunction "and" indicates an addition to the time fixed in the previous modifying clause, and not a subtraction from or shortening of that time, so that she under this item holds the property not only so long as she continues his widow, but in case she had remarried prior to the time the youngest child became of age she would have continued, under the terms of the will, in possession of the property until that time. Had the testator transposed the adverbial clauses and said "until my youngest child shall be of age and so long as she continues my widow" it would not be claimed that her estate terminated upon the youngest child's becoming of age. How. can it be claimed that by changing the order of two adverbs the meaning can be changed? Such a claim is contrary to all rules of costruction.

Such being the clear meaning of the language used in the first item, we find that item II is inconsistent with this provision and can not be reconciled with it, accepting, the ordinary meaning of the language there used. But so far as the widow is concerned item I is the dispositive clause of the will. The manifest purpose of item II is to provide what shall be done with the property at the termination of the estate given to the widow by the first item.

It is the duty of the court, where provisions of a written instrument are repugnant and irreconcilable, to attempt to reconcile them if possible.

The youngest child long since became of age and the widow is now old and has never remarried. Under the provisions of the first item the only restriction upon her right to a life estate in the property is her remarriage, which is a very remote possi-

Hammel v. Gould.

bility. But according to the terms of item II, the youngest child having arrived at age and the two clauses being connected by the word ''or,'' the property is now to be sold and the proceeds divided according to the statutes of descent and distribution.

Since the first item states clearly the time during which Mrs. Gould chall continue to hold this real estate, and since in our view the purpose of the second item is primarily to provide what shall be done with the estate when this time arrives, it is the duty of the court to so construe the second item that it will not defeat the devise made to the widow in the first item. In other words, where same can be done, it is the duty of the court to reconcile two conflicting portions of a will. We find that we can so reconcile these provisions by substituting in the first line of the second item the word ''and'' for ''or'' so that it will read ''when the youngest child arrives at full age, and in case my wife Martha should again marry, it is my will,'' etc. This makes the two provisions of the will entirely consistent and carries out, as we think, the intention of the testator. It certainly carries out the intention as clearly expressed in the first item as before stated, and its language should control in the determination of the rights of the widow, because it is in that item the testator provides for her.

There is abundant authority for the substitution of the word ''and'' in order that the language of the two parts may be reconciled. *Ely* v. *Ely,* 20 N. J. Eq. 43, 48; *Courter* v. *Stagg,* 27 N. J. Eq. 305; *East* v. *Garrett,* 84 Va. 523 [9 S. E. Rep. 1112]; *Sayward* v. *Sayward* 7 Me. 210, 216 [22 Am. Dec. 191].

The petition is dismissed.

**Swing, J.,** concurs.

**Jones, O. B., J.,** dissenting.

The rule for the construction of a will in Ohio is well stated in the syllabus of *Townsend* v. *Townsend,* 25 Ohio St. 477, as follows:

''1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.

"2. Such intention must be ascertained from the words contained in the will.

"3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical in their ordinary sense, unless it appears from the context that they were used by the testator in some secondary sense.

"4. All the parts of the will must be construed together, and effect, if possible, given to every word contained in it.

"5. If a dispute arises as to the identity of any person or thing named in the will, extrinsic facts may be resorted to, in so far as they can be made ancillary to the right interpretation of the testator's words, but for no other purpose."

The purpose of making a will is to express the intention of the testator and the object of construing it is to ascertain that intent, but this must be gathered from the words as used. The inquiry is not, what thought did the testator wish to express, but, what thought has he here expressed by the words of his will. Sec. 1 *Redfield, Wills* 433:

"The first and universal qualification of this rule is, that it is the intention of the testator expressed in his will which is to govern, and this must be judged of exclusively by the words of the instrument as applied to the subject-matter and the surrounding circumstances."

Items I and II of the will of Richard Gould, which are quoted in the majority opinion, *supra*, dispose of his entire property, and in my opinion contain no ambiguity, but are perfectly clear in their meaning without any necessity for changing the position of clauses or substituting any word for another. They must be read together in order to effect the disposition of the property.

The first clause gives to the wife all the property to "have and hold * * * so long as she continues my widow, and until my youngest child shall be of age." The two final clauses of item I are adverbial in character and modify or fix the time which she is to have and hold the property. She is to hold it during her widowhood until the youngest child shall be of age.

When Richard Gould died all of the children were minors.

Hammel v. Gould.

This language entitled the widow to hold the property until the youngest child became of age unless she should marry before that period. Item I does not go beyond fixing the time of her holding, but item II clearly terminates such holding, (1) "when the youngest child arrives at full age," or (2) "in case my wife Martha should marry again." Upon the happening of either of these events item II directs that the "real estate and whatsoever personal property may be remaining be divided between my wife and children according to law," etc. It seems therefore clear that upon the remarriage of the widow she would cease to hold all of the property and it should be immediately divided between the wife and children according to the law for the distribution of estates of intestates. In case she did not marry during that time, this division is provided for upon the date of the youngest child arriving at majority.

To my mind the language of this will admits of no other construction. The disposition made by Richard Gould of his property was possibly not favorable to his wife in putting upon her the payment of his debts and the rearing of his family of young children and giving to her an estate in his property only until the youngest child became of age, or until her remarriage if she remarried before that time, but if she was not satisfied with the provision made for her, she had under the law the right to refuse to take under the will, and to take the provision fixed for her by law in such cases. She did, however, take under the will, and in my opinion, her children had the power to demand partition in accordance with the second item of the will at any time they saw fit after the majority of the youngest child. The fact that they did not seek partition for a number of years after that date, does not in any way take away their right to ask it whenever they may choose, and no act is shown by the evidence that would amount to an estoppel against such right.

The rule as to changing words of a will is laid down in I Jarman, Wills (6 ed.) 599, in the following language:

"To alter the language of a testator is evidently a strong measure, and one which, in general, is to be justified only a clear explanatory context. It often happens, however, that the misuse of some word or phrase is so palpable on the face of the will,

as that no difficulty occurs in pronouncing the testator to have employed an expression which does not accurately convey his meaning. But this is not enough; it must be apparent not only that he has used the wrong word or phrase, but also what is the right one; and, if this be clear, the alteration of language is warranted by the established principles of construction.''

I do not think that the context in this case warrants the court in changing the language as is done by the majority of the court in order to support their construction, and to uphold my opinion I take the liberty of quoting the syllabus in each of two cases relied upon by the majority, as follows:

*Ely* v. *Ely, supra:*

''1. After making a bequest to his wife, the testator added these words: 'In case she should lose any part of her property before mentioned, and need more than she has of her own to support and maintain her comfortably, then, and in that case, so much of this money deposited and accumulated as shall need for her comfortable support, I order my executors to draw and pay to her, yearly or half yearly.' The widow needing more than she had of her own to support herself comfortably, though she had lost none of her property, filed a bill for the construction of this clause. *Held:* That having lost none of her property, she was not entitled to any part of the bequest.

''2. 'And' will be construed 'or,' only to effect the evident intent of the testator, never to gratify the wishes or desires of a legatee, or to effect what might, in itself, seem more just or reasonable.

''3. There is no power to change the words in a will unless such change is necessary to effect the intent of the testator, apparent on the face of the will or from surrounding circumstances.

''4. The legatee seeking a construction of the will to gratify her own wishes, and against the obvious intent of the testator bill dimissed; legatee to pay her own costs.''

*Courter* v. *Stagg supra:*

''1. Testatrix devised her residence to her daughter, for her sole use and benefit, for so long a time as she might remain single

Hammel v. Gould.

and unmarried, or until such time as in her judgment she might deem it advantageous to sell and dispose of the same. The daughter is married. *Held,* upon bill filed for construction of the will, that the intention was that the daughter should have the residence until she either married or deemed it advantageous to sell, whichever should first happen; and the daughter having married, the executors have power to sell, and it is their duty to exercise it.

"2.   Plain, clear words, read in their ordinary sense, must always govern, in searching for the intention of a testator, unless repugnant to other words, equally plain and clear, in another part of the same will.

"3.   Courts sometimes, in attempting to give effect to a testator's intention, displace 'or' and substitute 'and,' and also put 'or' where the testator has written 'and,' but such departure from the words of the will are never made except it is clear they are necessary to give effect to a clear purpose of the testator.

"4.   All doubts must be resolved in favor of the testator's having said exactly what he meant."